United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALI KANOUNO BABAE,
Plaintiff,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-11836-WHO

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Ali Kanouno Babae, who is originally from Libya, entered the United States in 2015 on an F-1 student visa. Supplemental Declaration of Ali Kanouno Babae ("Supp. Babae Decl.") [Dkt. No. 11-1] ¶ 1. Before his visa expired, he filed an asylum application, which remains pending. *Id.* ¶ 3. As part of that process, he had his biometrics captured and received a work permit, which he has renewed since his initial application. Petition for Writ of Habeas Corpus ("Pet.") [Dkt. No. 1] ¶ 2. He has since lived in the United States for more than a decade, earned an associate degree in mathematics and science, and works at a transportation company where he drives children with disabilities to and from school. Supp. Babae Decl. ¶¶ 2, 4–5.

On October 13, 2026, Babae went to his biometrics appointment to renew his work permit. Pet. ¶ 8. He was arrested and detained by immigration officers there. *Id.* ¶¶ 8, 13. Through counsel, he filed the underlying petition for writ of habeas corpus and a motion for a temporary restraining order the same day. Dkt. Nos. 1, 3. Judge Martínez-Olguín granted his motion for a TRO. Dkt. No. 4. After the parties briefed the motion and I heard oral argument, I subsequently granted a preliminary injunction concluding that Babae had established a likelihood of success on the merits of his procedural due process claim. Dkt. No. 13. The government is currently enjoined from "detaining Babae without notice and a pre-detention hearing during which a neutral

United States District Court
Northern District of California

decisionmaker must consider whether he is either a danger to the community or flight risk such that his physical custody is required." *Id.* at 8.

I ordered the government to show cause why I should not enter final judgment on the merits of Babae's habeas petition. *Id.* The government submitted a response stating that it was "unaware of any intervening factual circumstances or precedential decisions that would cause this Court to deviate from its findings and conclusion in its order granting a preliminary injunction" and agreeing that I could decide the petition without further briefing. Dkt. No. 14 at 2. Babae agrees. Dkt. No. 15 at 2.

I therefore affirm the findings and conclusions in my preliminary injunctive relief order and GRANT habeas relief to Babae. If the government seeks to re-detain Babae, it must provide no less than seven (7) days' notice and a pre-detention hearing before a neutral decisionmaker at which the government will bear the burden of demonstrating by clear and convincing evidence that he poses a flight risk or a danger to the community, such that his physical custody is required.

The Court will enter separate judgment.

**IT IS SO ORDERED.**

Dated: November 10, 2026

William H. Orrick
United States District Judge